UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John M. Meeks, | ) C/A No. 6:10-1346-RMG-KFM |
| Petitioner, | ) |
| vs. | ) |
| Mary Mitchell, Warden FCI Edgefield, | ) Report and Recommendation |
| Respondent. | ) |

John M. Meeks ("Petitioner"), a self-represented federal prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. §636(b) and Local Rule 73.02(B)(2) D.S.C., the undersigned is authorized to review such petitions and submit findings and recommendations to the District Court. Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA),Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes.

Petitioner is a *pro se* litigant, proceeding pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915. The statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in

the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

Background

Petitioner states that the instant petition concerns two convictions, two sentences, prior and current prison conditions, and prior and current prison disciplinary proceedings. *See* Docket Entry No. 1-4, page1. Petitioner claims that he is not guilty of his federal sentence, imposed by the United States District Court for the District of Montana, and that he has been illegally, unlawfully, unconstitutionally sentenced.[1] *Id.* Petitioner states that he filed a direct appeal of his federal conviction, which was affirmed by the United States Court of Appeals for the Ninth Circuit on February 9, 2006. *Id.* at 4. Petitioner further states that he filed a motion under 28 U.S.C. § 2255 in the sentencing court, which was denied on April 4, 2008. *Id.* at 2. Petitioner has also filed several certificates of appealability (COA), which have been denied. *Id.* at 2, 4.

Petitioner claims that he was denied: (1) the right to testify; (2) exculpatory evidence; (3) expert witnesses; (4) a competency hearing; (5) the production of documents; (6) his own choice of attorney; and (6) a psychiatrist and the testimony of psychologists during his federal criminal proceedings. *Id.* at 5. Petitioner also alleges that United States Marshals and deputies have beaten him and stolen his legal mail and legal effects. *Id.* Petitioner further

---

[1] Petitioner indicates that, on May 20, 2005, he was convicted of the offenses of felon in possession of a firearm and felon in possession of ammunition and sentenced to two hundred (200) months confinement for each charge, to run concurrently. Petitioner was also sentenced to five (5) years of supervised release. *Id.* at page 3.

complains that he has been denied the use of a telephone. *Id.* at 6.[2] Petitioner states that he has presented facts related to the present petition to the prison's internal grievance system with the following result: "Failure of B.P. system and its Representatives to address the real criminalistic and conspiratorial judicial & justice obstructionings [sic] due to masive [sic] covering up by U.S. Govt." *Id.* at 7.

## Discussion

The instant habeas petition, filed pursuant to 28 U.S.C. § 2241, alleges that Petitioner is not guilty of the crimes which resulted in his federal conviction and, thus, has been illegally sentenced by a federal court. Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2nd Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. *In re Dorsainvil*, 119 F.3d 245, 249 (3rd Cir. 1997). The enactment of § 2255 was also needed, "[b]ecause pertinent court records and witnesses were located in the sentencing district [and] it became impractical to require these petitions to be filed in the district of confinement." *Dumornay v. United States*, No. 93-1402, 1994 WL 170752, at *1 (10th Cir. May 5,1994). Thus, "the remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy". *Id.* (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Since relief granted pursuant to § 2255 "is as broad as that of habeas corpus 'it supplants habeas

---

[2] Petitioner's memorandum in support of the § 2241 habeas petition provides further factual information about his denial of telephone privileges, failure to receive legal mail, and harm suffered at federal bureau of prison facilities to include alleged medical malpractice. *See* Docket Entry No. 1-5, pages 3-6, 10.

3

corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention.'" *Id.* at *2 (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)). *See also Waletzki v. Keohane*, 13 F.3d 1079, 1080, (7th Cir.1994) ("a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255").

Although § 2255 expressly prohibits a prisoner from using § 2241 to challenge a conviction and sentence, § 2255 does contain a "savings clause." This "savings clause" allows a prisoner to challenge the validity of a conviction under § 2241 **if** the prisoner can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (e). The Fourth Circuit Court of Appeals, in *In re Jones*, 226 F.3d 328 (4th Cir.2000), set forth the test to determine whether a §2255 motion should be considered inadequate or ineffective. In order to invoke the "savings clause," a petitioner must demonstrate that: "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-334.

In the instant action, Petitioner provides no facts to demonstrate that a motion under 28 U.S.C. 2255 is inadequate or ineffective to test the legality of Petitioner's conviction and/or sentence. Further, Petitioner presents no facts to indicate that he meets any of the aforementioned *Jones* criteria required to invoke the "savings clause" of § 2255. As Petitioner seeks to challenge a federal conviction, but fails to demonstrate that § 2255 is

4

inadequate or ineffective to test the legality of his detention, Petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, is subject to dismissal.

Next, Petitioner also attempts to challenge various conditions of his confinement in the instant § 2241 petition. A petition for a writ of habeas corpus under § 2241 is the proper method to challenge the execution of a federal sentence. *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) (citing *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc)). However, a civil rights action is the proper vehicle to challenge "the conditions of [a prisoner's] prison life, but not [] the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). In this case, Petitioner is not entitled to any relief under § 2241 because he is not challenging the execution of his sentence, such as the administration of parole or sentence computation by prison officials. See *Manigault v. Lamanna*, C/A No. 8:06-047-JFA-BHH, 2006 WL 1328780, *1 (D.S.C. May 11, 2006). Rather, Petitioner is challenging specific conditions of his confinement, to include the alleged: (1) denial of telephone privileges; (2) denial of legal mail/effects; (3) denial of proper medical care; and (4) abuse by prison employees.

In *Preiser v. Rodriguez*, the Supreme Court reserved judgment on the question of whether challenges to prison conditions may be brought under 28 U.S.C. § 2241. *Preiser,* 411 U.S. at 500. However, several circuit courts have since held that claims challenging the conditions of a prisoner's confinement are not properly brought in a habeas petition. *See Glaus v. Anderson*, 408 F.3d 382 (7th Cir. 2005) (claim for deliberate indifference to a prisoner's medical needs was not cognizable under § 2241, as release from custody was not an available remedy); *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) ("when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter

his sentence or undo his conviction, an action under § 1983 is appropriate"); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)(per curiam)(if a favorable resolution of the action would not automatically entitle the prisoner to release, the proper vehicle is a civil rights action)*; Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("A civil rights action, in contrast, is the proper method for challenging 'conditions of confinement'"). *See also Lee v. Winston*, 717 F.2d 888 (4th Cir. 1983)(concluding that a claim unrelated to the legality of a prisoner's confinement was cognizable under 42 U.S.C. § 1983 but not under 28 U.S.C. § 2254); *Warman v. Philips*, Civil Action No. 1:08cv217, 2009 WL 2705833, at *3 (N.D.W.Va. Aug. 25, 2009)(holding that it is well established that a § 2241 petition "may not be used to challenge [an] inmate's conditions of confinement"). In the instant action, Petitioner clearly challenges specific conditions of his confinement, which have no bearing on the calculation or execution of his sentence. Accordingly, the Court does not have subject matter jurisdiction under § 2241 to consider Petitioner's prison condition claims.

Finally, Petitioner indicates that he is challenging prior and current prison disciplinary proceedings, which, if properly exhausted, could state a cognizable claim under § 2241. However, the petition provides no factual information regarding any specific disciplinary proceedings or institutional convictions. Further, other than Petitioner's conclusory assertion that his clams have been presented to the prison's internal grievance procedure, the petition provides no facts to demonstrate that Petitioner has properly exhausted all available administrative remedies. Although § 2241 itself does not contain an exhaustion requirement, a federal prisoner must first exhaust his administrative remedies before bringing a claim under that statute. *See McClung v. Shearin*, 2004 WL 225093, at **1 (4th Cir. Feb. 6,

2004)(citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001)). As Petitioner cannot challenge his conviction, sentence, and prison conditions under § 2241, and Petitioner has not established that administrative remedies have been exhausted in order to bring a challenge to any prison disciplinary proceedings, the petition is subject to summary dismissal.

## Recommendation

Therefore, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

August 30, 2010  s/Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
300 East Washington Street
Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).