IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

John M. Meeks, )
    Petitioner, )  Case No. 6:10-cv-1346-RMG-KFM
     )
    v. )  **ORDER**
     )
Mary Mitchell, Warden FCI Edgefield, )
    Respondent. )

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Kevin F. McDonald, for pre-trial proceedings and a Report and Recommendation ("Report"). On August 30, 2010, the Magistrate Judge issued a Report recommending that this matter be dismissed without prejudice and without issuance and service of process on Respondent. (Dkt. No. 40). The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report and Recommendation. (Dkt. No. 43).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review and considering the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. In the case herein, a petition under § 2241 is only available if § 2255 is inadequate or ineffective. Although § 2255 expressly prohibits a prisoner from using § 2241 to challenge a conviction and sentence, § 2255 does contain a "savings clause." This "savings clause" allows a prisoner to challenge the validity of a conviction under § 2241, if the prisoner can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." However, Petitioner has not established that a § 2255 motion is "inadequate or ineffective to test the legality of his detention," which would allow him to proceed under § 2241. Thus, Petitioner's § 2241 petition should thus be dismissed. Petitioner has also failed to establish that he has exhausted his administrative remedies which make his claims improper. Further, to the extent Petitioner's claims touch upon the condition of his confinement, a 2241 action is not the proper means for presenting such claims. *See, e.g., Lee v. Winston*, 717 F.2d 888 (4th Cir. 1983)(concluding that a claim unrelated to the legality of a prisoner's confinement was cognizable under 42 U.S.C. § 1983 but not under 28 U.S.C. § 2254).

Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Petitioner offers no argument which convinces this court that the Magistrate Judge erred in his analysis. Therefore, the petition is dismissed *without prejudice* and without issuance and service of process.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

October 22, 2010
Charleston, South Carolina